OPINION
Defendant-appellant, Kathy Segall, appeals a decision of the Mahoning County Court No. 2 entering default judgment in favor of plaintiff-appellee, Pamela Hrina.
On September 23, 1999, appellee filed a small claim complaint naming appellant as party defendant. Appellee alleged that appellant had agreed to pay $200 for the purchase of personal items already in the possession of appellant. Appellee alleged that appellant refused to pay the agreed upon price or to return the items to her.
On October 29, 1999, appellant filed an answer denying appellee's allegations and setting forth various defenses. Appellant also filed a motion to transfer the case to the regular docket.
The trial court set a hearing date on appellant's motion for November 15, 1999. On November 4, 1999, appellee filed a motion in opposition to defendant's motion to transfer the case to the regular docket. On November 15, 1999, a magistrate, David A. D'Apolito (D'Apolito), granted appellant's motion and transferred the case to the regular docket.
Pre-trial was held on January 24, 2000 and a trial date of March 6, 2000 was set. The case was called for trial on March 6, 2000. That same day, Magistrate D'Apolito was appointed as acting judge. The record reflects that appellant failed to appear and the trial court awarded appellee default judgment in the amount of $200. This appeal followed.
Appellant's first assignment of error states:
 "THE TRIAL COURT FAILED TO JOURNALIZE ITS ENTRIES. PURSUANT TO R.C. 2505.02 AND CIVIL RULE 58 NO FINAL APPEALABLE ORDERS EXIST. THIS COURT HAS NO JURISDICTION UNTIL THE TRIAL COURT JOURNALIZES ITS ORDERS."
Civ.R. 58(A) provides:
 "[U]pon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal."
Appellant argues that the judgment of the trial court below was never "journalized" and could not have been because the court does not maintain a journal.
The record does not bear out appellant's assertion. There is an entry on the "file folder" or "case jacket" stating:
 "CASE CALLED, DEFENDANT NOT APPEARING, DEFAULT JUDGEMENT [sic] FOR PLAINTIFF, FOR $200.00, PLUS INTEREST AND COURT COST."
The entry is dated March 6, 2000, and signed "D.A.D." for the acting judge, David A. D'Apolito. The entry is also time stamped with the same date by the clerk of courts, proof that the judgment was indeed "journalized" or filed with the clerk of the trial court.
Appellant also argues that the judgment was not valid because it was not entered by an acting judge or magistrate. Appellant argues that D'Apolito was not formally and validly appointed as an acting judge.
Appellant has not pointed to anything made part of the record which would support her allegation. Appellant herself has attached to her appellate brief a copy of a judgment entry appointing D'Apolito as acting judge. However, this entry was not properly made a part of the record below. Moreover, R.C. 2701.031 sets forth the procedure for seeking removal of a county court judge and provides the exclusive means by which a litigant can assert that a county court judge is disqualified to preside over the proceedings. See Paulding-Putnam Coop., Inc. v. Kuhlman
(1997), 117 Ohio App.3d 156. Appellant did not avail herself of this statutory procedure.
Accordingly, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "WHEN AN ANSWER HAS BEEN FILED IN A CASE A DEFAULT JUDGMENT CANNOT BE ENTERED IT WAS ERROR TO DO SO."
Civ.R. 55(A) provides:
 "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." (Emphasis added.)
In this case, the trial court erred in entering a default judgment in favor of appellee. First, there is no indication in the record that appellee ever made an application for default judgment. Second, if an application was made, there is no indication in the record that appellant received written notice of the application at least seven days prior to any hearing on such application.
As an aside, we recognize that the trial court may have taken proof in the absence of appellant and then simply intended to enter judgment on the merits in appellee's favor, but characterizing its action as a default judgment. However, there is nothing in the record to establish this. Also, when a trial court proceeds to take proof in the absence of the defendant and decides to enter judgment on the merits in favor of the plaintiff, the judgment technically is not a default judgment and should be characterized for what it is judgment on the merits in plaintiff's favor. This technical difference is acknowledged in the Staff Notes to Civ.R. 55. They state in part:
 "Assume now that defendant had answered. Clearly he would not be in default for failure to plead. Ultimately, the case being at issue, both parties would receive notice of a trial date. Assume that plaintiff appeared at the trial but that defendant failed to appear. The court might grant a continuance or the court might proceed to take proof in the absence of the defendant and enter judgment on the merits in the absence of the defendant. Technically, the judgment would be on the merits in the absence of the defendant rather than a `default judgment.'"
Accordingly, appellant's second assignment of error is with merit.
The judgment of the trial court is hereby reversed and this matter is remanded to the trial court for further proceedings according to law and consistent with this opinion.
 _____________ DONOFRIO, J.
Waite, J., concurs.
DeGenaro, J., concurs.